Filed 2/13/24  P. v. Arriero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JUAN JOSE ARRIERO, Defendant and Appellant. | D081543 (Super. Ct. No. SCD235118) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Reversed and remanded with instructions.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne M. McGinnis, and James M. Toohey, Deputy Attorneys General for Plaintiff and Respondent.

# I

## INTRODUCTION

As part of a negotiated plea deal, Juan Jose Arriero pleaded guilty to the attempted murder of Zachary L., a juvenile, and stipulated that the preliminary hearing transcript served as the factual basis for the plea. Years later, after the enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.), Arriero filed a petition to have his attempted murder conviction vacated and to be resentenced under Penal Code section 1172.6.[1] The trial court summarily denied the petition without issuing an order to show cause.

Arriero appeals the summary denial order and argues for reversal on grounds that he adequately stated a prima facie claim for relief in his resentencing petition. The People concede Arriero stated a prima facie claim for relief and join him in recommending a reversal. We agree with the parties. Thus, we reverse the summary denial order and instruct the trial court to issue an order to show cause and conduct such further proceedings as are required by section 1172.6.

# II

## BACKGROUND

### A. *Factual Background*

Because Arriero pleaded guilty to the attempted murder charge, without proceeding to a trial, the following factual background is taken from the evidence admitted at the preliminary hearing. Zachary, the attempted murder victim, did not testify at the preliminary hearing. However, a law enforcement officer related Zachary's out-of-court statements about the incident pursuant to section 872, subdivision (b).

---

[1] Undesignated statutory references are to the Penal Code.

2

In 2011, Zachary and his family visited San Diego from out of town. One evening, Zachary was unable to sleep, so he decided to skateboard near his hotel. As he was skateboarding, an SUV pulled up to a nearby curb and a Hispanic man exited the passenger side of the vehicle. The passenger, later identified as Arriero, asked Zachary if he had anything on him. Zachary said he was not from San Diego and did not have anything on him. The passenger pointed to the SUV and Zachary saw the driver, later identified as Albaro Regalado, holding a shotgun and a handgun. The passenger asked Zachary whether he was sure he did not have anything on him. One of the perpetrators also told Zachary he would get shot if he did not comply. The passenger then patted Zachary down and pulled out two dollars and a cigarette pack from his pockets.

Zachary panicked and grabbed the passenger, which prompted the passenger to scream, "Shoot him, shoot him." As Zachary and the passenger scuffled, Zachary was shot in the head. The perpetrators fled in the SUV, while Zachary ran from the crime scene and screamed for help. He received medical treatment for his injuries at the hospital and survived the shooting.

In connection with the attack on Zachary, Arriero and Regalado were charged by information with one count of attempted murder (§§ 187, subd. (a), 664; count 4) and one count of robbery (§ 211; count 5). The information alleged a firearm enhancement (§ 12022.53, subds. (d), (e)(1)) and gang enhancement (§ 186.22, subd. (b)(1)) for each defendant on the attempted murder charge, as well as a gang enhancement for each defendant on the robbery charge. Further, the information charged Regalado with one count of carjacking (§ 215, subd. (a); count 1); Arriero with one count of cultivating marijuana (Health & Saf. Code, § 11358; count 11) and one count of receipt of stolen property (§ 496, subd. (a); count 12); and both defendants

3

with six additional counts of robbery (counts 2–3, 6–9) and one count of unlawfully taking and driving a vehicle (§ 496, subd. (a)) for incidents unrelated to the attack on Zachary. The information alleged gang and firearm enhancements in connection with counts 1–3 and 6–9 as well.

Pursuant to a negotiated plea agreement, Arriero pleaded guilty to the attempted murder charge (count 4) and two of the unrelated robbery charges (counts 2 and 6), and admitted gang enhancement allegations connected with the robbery charges, in exchange for the dismissal of the remaining charges and a stipulated sentence of 21 years 8 months. The portion of the plea form describing the factual basis for the plea states, "Per preliminary hearing transcript." Consistent with the plea agreement, Arriero was sentenced to state prison for 21 years 8 months.

Arriero subsequently appealed the judgment of conviction and our court affirmed. (*People v. Arriero* (Dec. 17, 2015, D067224) [nonpub. opn.].)

B. *Senate Bill No. 1437*

After Arriero's judgment became final, the Legislature approved Senate Bill No. 1437, which went into effect January 1, 2019. Senate Bill No. 1437 "significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions. [Citations.] First, Senate Bill [No.] 1437 amended section 189 so that '[d]efendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were "major participant[s] in the underlying felony and acted with reckless indifference to human life." ' [Citations.] Second, it amended section 188 to provide that when the felony-murder rule does not apply, a principal in the crime of murder can only be convicted where they acted 'with malice aforethought,' and '[m]alice shall not be imputed to a person based solely on

4

his or her participation in a crime.' " (*People v. Trent* (2023) 96 Cal.App.5th 33, 38–39.)

Senate Bill No. 1437 also created a resentencing procedure, which was previously codified in section 1170.95 and is now set forth in section 1172.6. (Stats. 2018, ch. 1015, § 4.) Under section 1172.6, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts ...." (§ 1172.6, subd. (a).)

A petitioner initiates the process by filing a declaration averring that: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder, natural and probable consequences murder, murder under another theory by which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not presently be convicted of murder or attempted murder because of the changes to the murder laws that were implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)–(3), (b)(1).) If the petitioner states a prima facie case for relief, the court must issue an order to show cause and, in most cases, schedule an evidentiary hearing to determine whether to vacate the murder, attempted murder, or

5

manslaughter conviction, recall the sentence, and resentence the petitioner on any remaining counts. (*Id.*, subds. (c), (d)(1).)

At the hearing, the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under the amended laws. (§ 1172.6, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

C. *The Resentencing Proceeding*

In 2022, Arriero filed a petition to have his attempted murder conviction vacated and to be resentenced under section 1172.6. At Arriero's request, the trial court appointed legal counsel to represent him during the resentencing proceeding.

The district attorney opposed the resentencing petition and argued it should be summarily denied because it failed to state a prima facie case for relief. Relying on the preliminary hearing transcript, the district attorney claimed that the record of conviction showed that Arriero acted as a direct aider and abettor of the attempted murder and, therefore, he was ineligible for resentencing as a matter of law.

Arriero, through his appointed legal counsel, filed a reply in which he generally asserted that he stated a prima facie case for relief. At the prima facie review hearing, Arriero's counsel argued (more thoroughly and more specifically) that the court could not rely on the preliminary hearing transcript when conducting its prima facie review. He contended that, although Arriero "stipulated to the preliminary hearing transcript as part of his plea," the stipulation did "not mean that he stipulated to any particular facts contained within the preliminary hearing transcript."

6

At the conclusion of the prima facie review hearing, the trial court summarily denied the resentencing petition without issuing an order to show cause.[2] When ruling from the bench, the court briefly summarized the preliminary hearing testimony and stated that it showed Arriero "shouted at his co-defendant, 'Shoot him, shoot him,' and then the co-defendant shot him[.]" The court then opined, "you don't get to be more of a direct participant without pulling the trigger yourself. [¶] ... I think when the [L]egislature contemplated this particular revision of the statute to change felony murder and natural and probable [consequences murder], these were not the cases they had in mind."

Arriero appeals the summary denial order.

III

DISCUSSION

A. *Legal Standard*

When a court determines whether a petitioner has stated a prima facie case for relief under section 1172.6, the court's review is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) Further, it must refrain from " 'factfinding involving the weighing of evidence or the

---

[2] During the prima facie review hearing, the district attorney misrepresented to the court that Zachary personally testified at the preliminary hearing. As noted above, Zachary did not testify at the preliminary hearing.

7

exercise of discretion.' " (*Id.* at p. 972.) However, "the court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief *as a matter of law*." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931, italics added.)

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B. *Arriero Stated a Prima Facie Case for Relief*

Arriero contends the trial court erred in summarily denying his petition for resentencing because his petition adequately stated a prima facie case for relief and the record of conviction does not otherwise preclude resentencing as a matter of law. The People agree, and so do we.

The information broadly alleged that Arriero "did unlawfully attempt to murder [Zachary], a human being, in violation of" sections 187, subdivision (a), and 664, without specifying the specific theory of liability under which he was being charged. Thus, on the face of the information, the district attorney could have prosecuted Arriero for attempted murder under a theory that Arriero aided and abetted the commission of an armed robbery, a coparticipant attempted to murder Zachary during the armed robbery, and attempted murder was the natural and probable consequence of the armed robbery—a theory of liability that is no longer permissible in view of Senate Bill No. 1437. Further, Arriero pleaded guilty to the attempted murder charge without admitting his guilt under any particular legal theory, and he did not admit the truth of any associated enhancement allegation that could possibly establish his ineligibility for resentencing. Thus, "[n]either the charge nor the plea excludes petitioner from resentencing eligibility as a matter of law." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*).)

8

Arriero's stipulation that the preliminary hearing transcript provided the factual basis for the plea also does not preclude resentencing at the prima facie review stage. "Under section 1192.5, a trial court taking a plea must make 'an inquiry ... of the defendant to satisfy itself ... that there is a factual basis for the plea.' 'The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of [the] defendant's guilt.' [Citation.] In addition, '[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document.' [Citation.] *Thus, absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[ ] a binding admission for all purposes.'* " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235 (*Rivera*), review granted June 9, 2021, S268405, review dismissed January 19, 2022, italics added.)

Here, Arriero "did not admit the truth of [the] testimony" offered by the law enforcement officer at the preliminary hearing, "and his stipulation that the [preliminary hearing] transcript provided a factual basis for the plea is not a ' "binding admission for all purposes." ' " (*Flores, supra*, 76 Cal.App.5th at p. 991 [petitioner's stipulation that preliminary hearing transcript provided factual basis for no contest plea in murder case did not preclude resentencing as a matter of law because stipulation did not admit the truth of the preliminary hearing testimony for all purposes]; see *Rivera, supra*, 62 Cal.App.5th at p. 235 [petitioner's stipulation that grand jury transcript served as factual basis of no contest plea in murder case did not preclude resentencing as a matter of law because it "did not admit to the truth of any

9

of the evidence presented to the grand jury"]; accord *People v. Hiller* (2023) 91 Cal.App.5th 335, 349 ["Courts have consistently differentiated between an admission that a document or recitation contains a factual basis for a plea and an admission that statements in that document or recitation are true."].) On this basis alone, the court erred when it relied on Arriero's stipulation to deny his petition for resentencing at the prima facie review stage.

Even if the stipulation did constitute an all-purpose admission, the law enforcement officer's testimony at the preliminary hearing "does not exclude the possibility that petitioner was, or could have been, convicted under the imputed malice theories eliminated by Senate Bill No. 1437." (*Flores, supra*, 76 Cal.App.5th at p. 991.) According to the law enforcement officer who relayed Zachary's report of the incident, an SUV pulled up near Zachary and Arriero exited the vehicle, while Regalado remained inside it armed with two firearms. After Zachary saw the guns, he panicked and grabbed Arriero, who shouted, "Shoot him, shoot him," and Zachary was shot in the head.

As all parties agree, the district attorney could have prosecuted Arriero with this evidence under the still-valid theory of direct aiding and abetting attempted murder or, critically, the now-invalid theory of attempted murder under the natural and probable consequences doctrine. Indeed, at the preliminary hearing, both the court and the district attorney indicated that the evidence was consistent with a prosecution under either theory.[3] "To find

---

[3] The following colloquy between the court and the district attorney took place during the preliminary hearing:

10

petitioner ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage." (*Flores*, at pp. 991–992; *Rivera, supra*, 62 Cal.App.5th at p. 239 [reversing order summarily denying resentencing petition because petitioner "not only filed a facially sufficient petition but ... offered a theory under which the evidence presented to the grand jury was consistent with his guilt of murder under the [now-invalid] natural and probable consequences doctrine"].)

"In sum, petitioner adequately alleged a prima facie claim for relief and the record does not rebut his allegations as a matter of law.  The court was required to issue an order to show cause [§ 1172.6, subd. (c)], and to hold a hearing at which the prosecution bears the burden of proving petitioner's

---

"THE COURT:  ... [¶] [O]n an aiding and abetting theory or conspiracy theory ... you have to have the specific intent to aid, assist, facilitate, encourage the crime that you know the other person intends to commit.  But I don't think you have to have the subjective intent to kill to be held in on aiding and abetting theory. ... [¶] But also, ah, isn't there a – *if you know the other person is intending to rob somebody with a gun, ah, isn't that a foreseeable consequence that the gun's going to be [discharged] and the other person's either going to be killed or injured*?

[¶] . . . [¶]

[DISTRICT ATTORNEY]: I think the Court encapsulated it .... [¶] … [¶] [The passenger] points [Zachary] over to his buddy with two guns and says, 'Are you sure about that? He's going to shoot you.' [¶] And then, um, he shot -- in fact, the call is made, 'Shoot him.  Shoot him.'  That was the testimony. [¶] And he is subsequently shot. [¶] *So either he's a direct aider and abettor demanding the shot;* he's the shooter, direct principal; *or, as the Court readily identified, he is a direct aider and abettor aiding each other in an armed robbery with loaded firearms.  Natural and probable consequences, somebody might get shot*."  (Italics added.)

11

ineligibility for resentencing beyond a reasonable doubt, unless such hearing is waived [*id.*, subd. (d)].  In failing to do so, the court erred.  Accordingly, we must reverse and remand for further proceedings.  We express no opinion on the merits of the petition." (*Flores, supra*, 76 Cal.App.5th at p. 992.)[4]

IV

DISPOSITION

The order denying the petition for resentencing is reversed.  The trial court is instructed to issue an order to show cause and conduct such further proceedings as are mandated by Penal Code section 1172.6.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

BUCHANAN, J.

---

[4]     In light of the conclusions reached herein, we do not address Arriero's alternative claim that reversal is required because, at the prima facie review stage, section 1172.6 purportedly bars a court from considering hearsay evidence that was admitted at a preliminary hearing under section 872, unless the evidence is admissible under another exception to the hearsay rule.